NO. **16CI02043**  JEFFERSON CIRCUIT COURT

DIVISION _____

SHIRLEY A. BENGE, Executrix of the
Estate of DOUGLAS DONALD BENGE, Deceased

and

SHIRLEY A. BENGE, Individually

PLAINTIFFS

V.

## COMPLAINT

DIVERSICARE HIGHLANDS, LLC
dba HIGHLANDS HEALTH AND REHABILITATION CENTER
1705 Stevens Avenue
Louisville, Kentucky 40205

    Serve:
        Corporation Service Company
        Registered Agent
        Diversicare Highlands, LLC
        421 West Main Street
        Frankfort, Kentucky 40601

DEFENDANT

*** *** ***

    Plaintiff, Shirley A. Benge, Executrix of the Estate of Douglas Donald Benge, deceased, and in her individual capacity, for her Complaint herein, states as follows:

    1.    Plaintiff, Shirley A. Benge, is a resident of Radcliff, Hardin County, Kentucky and was duly appointed Executrix of the Estate of Douglas Donald Benge, deceased, on September 1, 2015, by the Hardin District Court, Probate Division.

    2.    Defendant, Diversicare Highlands, LLC, is a foreign limited liability company licensed to do business in Kentucky and as such has designated Corporation Service Company as

*(stamp: JEFFERSON CIRCUIT COURT DIVISION THREE (3))*

agent for the service of process in this and other actions filed in Kentucky. Plaintiff states that Defendant, Diversicare Highlands, LLC, was the owner, operator and was doing business as Highlands Health and Rehabilitation Center (hereafter Highlands Health) located at 1705 Stevens Avenue, Louisville, Jefferson County, Kentucky during the time Plaintiff's decedent, Douglas Benge, was a resident at Highlands Health.

## COUNT I

3. From about April 22, 2015 until May 3, 2015, Douglas Benge, was a resident at Highlands Health located at 1705 Stevens Avenue, Louisville, Jefferson County, Kentucky. Mr. Benge was placed in Defendant's care since he was not able to care for himself due to mental and physical limitations, and because Defendant held itself out as being able to care for Mr. Benge. Defendant was aware of the condition of Mr. Benge and aware of the safety, monitoring, assistance, and personal attention that needed to be provided to Mr. Benge.

4. Plaintiff states that during the time he was a resident therein, Defendant, Highland Health, carelessly and negligently failed to provide appropriate care for Mr. Benge. As a consequence thereof, Mr. Benge developed decubitus ulcers, skin breakdown and infections. As a consequence of Defendant's negligence, Mr. Benge suffered catastrophic injuries, extreme pain, suffering and mental anguish. The scope and severity of the recurrent negligence afflicted on Mr. Benge while he was under the care of the Defendant accelerated the deterioration of his health and physical condition and as a result thereof, Mr. Benge died on July 19, 2015.

5. While under Defendant's care, and continuing thereafter until the termination of his residency at Highland Health, Defendant, directly and through its agents, servants, employees, and/or ostensible agents, was negligent, grossly negligent, and/or acted with reckless disregard in its care for Mr. Benge.

6. That as a direct and proximate result of Defendant's failures to provide proper care to Mr. Benge, Defendant breached the applicable standards of care, and, as a direct and proximate result of the aforementioned negligence, Mr. Benge was caused to sustain serious, permanent and painful injuries to his body, and that said injuries have caused Mr. Benge severe suffering of both body and mind, mental anguish, destruction of earning capacity to his estate, loss of enjoyment of life, to incur medical expenses and ultimately, his death.

7. That the aforementioned damages of the Plaintiff's decedent, Mr. Benge, are in excess of the minimum jurisdictional amount for the Circuit Courts of Kentucky.

## COUNT II

8. The acts and/or omissions of Defendant were such major and significant deviations from accepted medical, nursing and rehabilitation practice that they, in addition to negligence, constituted wanton, reckless disregard and/or grossly negligent conduct. Such acts and/or omissions proximately caused or substantially contributed to Mr. Benge's injuries and death and as such, give rise to and warrant the imposition by the jury of significant punitive damages against the Defendant.

## COUNT III

9. Plaintiff entered into an agreement with the Defendant, Highland Health, whereby the Defendant, in exchange for valuable consideration, agreed to provide Mr. Benge with, among other things, adequate living assistance, skilled medical and nursing care, and skilled supervision.

10. That the Defendant breached its agreement with Plaintiff, in that the Defendant failed to provide Mr. Benge with adequate living assistance, skilled medical and nursing care, and skilled supervision.

3

11. That as a legal and proximate result of the Defendant's breach, Mr. Benge suffered injuries to his person, including but not limited to, decubitus ulcers, infections, physical impairment, mental distress and ultimately death.

12. That Plaintiff is, thus, entitled to recovery from Defendant for all remedies available to her for breach of contract, said damages are in excess of the minimum jurisdictional amount for the Circuit Courts of Kentucky.

## COUNT IV

13. Defendant's acts, omissions, and/or commissions constitute a violation of a state statute or regulation.

14. While residing at Highland Health, Mr. Benge was in the class of persons who were intended to be protected by Kentucky statutes and regulations.

15. The harm that befell Mr. Benge while under the care of Highland Health was the type of harm which the statutes and regulations are designed to prevent.

16. Consequently, the Estate of Mr. Benge has a cause of action against the Defendant, due to its violation of Kentucky statutes and regulations, which proximately caused Mr. Benge's injuries (including death), for which Plaintiff seeks compensatory and actual damages for Mr. Benge's great physical and mental pain and suffering and for the charges for medical care and treatment, hospitalization, medicine and supplies, in amounts in excess of the minimum jurisdictional amount for the Circuit Courts of Kentucky.

## COUNT V

17. That Defendant, Highland Health, by and through its agents, servants, employees or ostensible agents, deprived and infringed upon Mr. Benge's rights as specified in section 216.515 of the Kentucky Revised Statutes.

18. That as a legal and proximate result of the Defendant's actions, Mr. Benge suffered injuries to his person, including but not limited to decubitus ulcers, infections, physical impairment, mental distress and ultimately death.

19. That Plaintiff is, thus, entitled to recovery from Defendant for all remedies available to her under section 216.515 of the Kentucky Revised Statutes.

## COUNT VI

20. Plaintiff, Shirley A. Benge, individually, states that she is the surviving spouse of Douglas Benge, and as a result of the aforesaid negligence and deviations from accepted standard of care by Defendants and the resulting injuries suffered by and death of her husband, she has lost the consortium, services, assistance, aid, society, companionship and relationship of her husband and will continue to suffer from said loss in the future, all to her damage in an amount in excess of the minimum jurisdictional requirements for the Circuit Courts of the State of Kentucky.

21. The claims herein presented exceed the minimum jurisdictional limits of the Circuit Court said the state of Kentucky.

**WHEREFORE**, Plaintiff respectfully demands the following:

1. A trial by jury on all issues so triable;

2. That the Plaintiff, on behalf of the Estate of Douglas Donald Benge, recover compensatory and/or statutory damages from the Defendant, including but not limited to pain

and suffering, medical, funeral, administration and burial expenses, and destruction of earning capacity, in such amount as the trier of fact shall deem just and reasonable;

3. That Plaintiff, Shirley A. Benge, recover a sum of money from defendant to compensate her for her loss of consortium in such amount as the trier of fact shall deem just and reasonable;

4. That the Plaintiff recover punitive damages from the Defendants in an amount or amounts determined by the trier of the fact;

5. That the Plaintiff be awarded all appropriate costs, attorneys' fees and interest authorized by law on the judgments which enter in his behalf; and

6. That the Court enter other such relief as is deemed just and appropriate.

_____
RAY H. STOESS, JR.
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 583-8633
Attorney for Plaintiff

**CERTIFIED MAIL**



DAVID L. NICHOLSON
JEFFERSON COUNTY CIRCUIT Co[urt]
CIRCUIT COURT DIVISION
LOUIS D. BRANDEIS HALL OF J[ustice]
600 WEST JEFFERSON STREET
LOUISVILLE, KENTUCKY 40202



7015 3430 0001 2054 7965



U.S. POSTAGE >> PITNEY BOWES
ZIP 40202
02 4W
0000339432 MAY. 03 2016
$ 006.67

Corporation Service Company, Registered Agent
Diversicare Highlands, LLC
421 West Main Street
Frankfort Ky 40601

40601$1815 C003